# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA PIAZZA,<br><br>        Plaintiff,<br><br>   v.<br><br>EMPI, INC., LARRY DAVIS, and DOES I-XX,<br><br>        Defendants. | 1:07-cv-0954 OWW GSA<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 4/30/09<br><br>Non-Dispositive Motion Filing Deadline: 4/7/09<br><br>Dispositive Motion Filing Deadline: 1/5/09<br><br>Opposition to Dispositive Motion Filing Deadline: 1/26/09<br><br>Reply to Dispositive Motion Filing Deadline: 2/9/09<br><br>Settlement Conference Date: 5/7/09 10:00 Ctrm. 10<br><br>Pre-Trial Conference Date: 5/11/09 11:00 Ctrm. 3<br><br>Trial Date: 6/16/09 9:00 Ctrm. 3 (JT-6 days) |

I.   Date of Scheduling Conference.

    March 26, 2008.

II.  Appearances Of Counsel.

    Law Offices of Wagner & Jones by John Ormond, Esq., appeared on behalf of Plaintiff.

1

1      Paul, Hastings, Janofsky & Walker LLP by Jeff Michalowski,
2 Esq., appeared on behalf of Defendant.
3      Seafarth, Shaw, by Joel Van Parys, Esq., appeared on behalf
4 of Defendant Larry Davis.

## III. Summary of Pleadings.

### Plaintiff's Version

1.   Plaintiff claims that she was sexually harassed by Defendant's Vice President, Defendant, Larry Davis.  Davis used sexually explicit and derogatory language in Plaintiff's presence, subjected her to unwanted sexual advances, forced her to have sex with him and committed multiple sexual batteries upon her.  Plaintiff made written and verbal complaints regarding Davis to Defendant's Human Resource Department.  Plaintiff specifically complained to Defendant's Human Resource Manager, Barbara Hutto who failed to take appropriate corrective action, most likely because Hutto was having a personal relationship with Defendant Davis.  Davis was a serial sexual harasser within the Defendant corporation who was eventually terminated by Defendant when his conduct could no longer be ignored despite the Human Resource Department's refusal to properly investigate numerous complaints against him including Plaintiff's complaint.

2.   Plaintiff was eventually terminated by Defendant.  HR Manager, Hutto, was motivated to terminate Plaintiff because of Plaintiff's complaints against Davis and because Hutto had a personal relationship with Davis.

### Defendant's Version

3.   Defendant EMPI denies all of Plaintiff's allegations. Plaintiff claims that former Manager, Larry Davis, sexually

2

harassed her by subjecting her to unwanted sexual advances, compelling her to engage in sexual relations with him, and making unwarranted criticisms of her job performance on occasions when she refused to have sex with him.  Plaintiff also alleges that EMPI retaliated against her.  Specifically, she alleges that Human Resources Manager Barbara Hutto wrongfully terminated her because she complained about Mr. Davis.  Additionally, Plaintiff claims that Mr. Davis committed a sexual battery by grabbing her breasts and buttocks during a company dinner in May 2006, and EMPI breached its employment contract with her by firing her without just cause.  Finally, Plaintiff claims that EMPI failed to pay her $30,000 in earned wages and that she is entitled to waiting time penalties.

4.   The facts belie Plaintiff's allegations.  EMPI did not terminate Plaintiff because she complained about Mr. Davis.  To the contrary, Plaintiff *never* complained to any managers or Human Resource representatives within the Company about Mr. Davis and there is no evidence that Mr. Davis ever subjected Plaintiff to inappropriate, sexual conduct.  EMPI terminated Plaintiff because her sales numbers were low, she repeatedly falsified medical paperwork in violation of company policies and federal law, she attempted to steal one of EMPI's medical devices, and she was rude, abusive, and disrespectful to EMPI's internal billing employees.

5.   In the same vein, EMPI did not breach any employment agreement with Plaintiff - she was an at-will employee and, in any event, the Company had just cause to terminate her because she performed poorly, falsified paperwork, verbally abused co-

3

workers, and attempted to steal one of EMPI's devices. Additionally, EMPI paid Plaintiff all of her earned wages.

IV.   Orders Re Amendments To Pleadings.

    1.   Individual Defendant Larry Davis has been served. The parties are not presently aware of the potential for joinder of additional parties. The parties do not contemplate amending the pleadings.

    2.   Doe Defendants I - XX are DISMISSED without prejudice.

V.   Factual Summary.

   A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

      1.   Julia Piazza is a citizen of the United States, resident of the Eastern District of California, Fresno Division at times alleged in the complaint.

      2.   Plaintiff, Julia Piazza, was employed by Defendant EMPI at times alleged in the Complaint.

      3.   Defendant EMPI is a corporation incorporated under the laws of the State of Minnesota.

      4.   Defendant Larry Davis is a citizen of the State of Missouri.

      5.   Plaintiff was terminated by Defendant EMPI.

   B.   Contested Facts.

      1.   All remaining facts are contested.

VI.   Legal Issues.

   A.   Uncontested.

      1.   Jurisdiction exists under 28 U.S.C. § 1332.

      2.   Venue is proper under 28 U.S.C. § 1391(b).

      3.   Diversity jurisdiction is premised on the amount

4

in controversy exceeding $75,000, exclusive of interest and costs and the differing citizenship of Plaintiff and all Defendants.

    4. Venue is premised on the alleged conduct that occurred in the Eastern District of California.

    5. The parties are unable to state the choice of law for this diversity action.

B. Contested.

    1. Whether the Plaintiff was sexually harassed by any officer or employee of the Defendant.

    2. Whether any wrongful conduct of any individual Defendant acting for or employed by Defendant EMPI Corporation was the cause of harm or damage to Plaintiff.

    3. Whether Larry Davis sexually harassed or otherwise violated the rights of Plaintiff.

    4. The nature and extent of any damages.

    5. Whether California Government Code § 12940 et seq., were violated.

    6. Whether California Government Code § 17805 was violated.

    7. Whether Defendant Larry Davis or any other representative of EMPI sexually battered Plaintiff.

    8. Whether or not Plaintiff's employment was terminated in violation of public policy.

    9. Whether there was and, if so, what were the terms of an employment agreement between Plaintiff and Defendant EMPI.

    10. All remaining legal issues are disputed.

VII. Consent to Magistrate Judge Jurisdiction.

    1. The parties have not consented to transfer the

case to the Magistrate Judge for all purposes, including trial.

## VIII. Corporate Identification Statement.

1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

## IX. Discovery Plan and Cut-Off Date.

1. The parties agree that their initial disclosures shall be made on or before April 21, 2008.

2. The parties are ordered to complete all discovery on or before April 30, 2009.

3. The parties are directed to disclose all expert witnesses, in writing, on or before March 2, 2009. Any supplemental or rebuttal expert disclosures will be made on or before April 1, 2009. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

4. The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.

**Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.**

**X.   Pre-Trial Motion Schedule.**

**1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before April 7, 2009, and heard on May 8, 2009, at 9:00 a.m. before Magistrate Judge Gary S. Austin in Courtroom 10.**

**2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.**

**3.   All Dispositive Pre-Trial Motions are to be filed no later than January 5, 2009; opposition thereto shall be filed on or before January 26, 2009; the reply shall be filed on or before February 9, 2009; and will be heard on February 23, 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.**

**XI.   Pre-Trial Conference Date.**

**1.   May 11, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.**

**2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).**

**3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District**

of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Trial Date.

    1.   June 16, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.  Defendant EMPI reserves the right to object to Plaintiff's jury demand and to address the issue by non-dispositive motion.

    3.   Counsels' Estimate Of Trial Time:

        a.   6 days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIII.    Settlement Conference.

    1.   A Settlement Conference is scheduled for May 7, 2009, at 10:00 a.m. in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is

allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

    e. The relief sought.

    f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

  1. None.

XV. Related Matters Pending.

  1. There are no related matters.

XVI. Compliance With Federal Procedure.

  1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVII. Effect Of This Order.

  1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

  2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by

affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   March 26, 2008**                    /s/ Oliver W. Wanger
                                                 UNITED STATES DISTRICT JUDGE